**FILED**

**September 21, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 11:20 AM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **JOHNNIE W. SANDERS,** | ) | **Docket No.: 2017-03-0327** |
| **Employee,** | ) | |
| **v.** | ) | |
| **WAL-MART ASSOCIATES, INC.,** | ) | **State File No.: 20140-2017** |
| **Employer,** | ) | |
| **and** | ) | |
| **NEW HAMPSHIRE INSURANCE** | ) | **Judge Pamela B. Johnson** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on August 25, 2017, for an Expedited Hearing. The central legal issue is whether Johnnie W. Sanders demonstrated he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment with Wal-Mart Associates, Inc., and, if so, whether Mr. Sanders is entitled to medical and temporary disability benefits. Wal-Mart asserted, regardless of whether Mr. Sanders' injury arose out of and in the course and scope of his employment, his claim is barred by the statute of limitations. For the reasons set forth below, the Court holds Mr. Sanders failed to demonstrate he is likely to prevail at a hearing on the merits. Therefore, the Court denies his claim for benefits at this time.

### History of Claim

Mr. Sanders worked for Wal-Mart as a truck driver when he slipped, fell, and injured his low back. The slip-and-fall occurred in Pageland, South Carolina, while he refueled his truck.

Mr. Sanders stated this was the only slip-and-fall. However, he provided multiple conflicting dates of injury: a June 2015 injury date in his hearing testimony; a June 8, 2015 injury date in his Affidavit; an August 14, 2015 injury date in an Associate Incident

1

Report; a January 2016 injury date in an Associate Incident Report; and a June 8, 2016 injury date in his Petition for Benefit Determination.

The evidence further demonstrated that Mr. Sanders reported the Pageland slip-and-fall to the Wal-Mart Operations Manager, Travis Dickenson, on August 16, 2015, but declined medical treatment. In turn, Mr. Dickenson sent an email to Safety Manager Ken L. Motley, Sr. to notify him of Mr. Sanders' incident. Human Resources Clerk Kim Fleenor also received Mr. Dickerson's email and contacted Mr. Sanders to request that he complete an Associate Incident Report. On the same day, she prepared a Manager's Investigation of Accident report and offered medical care. Mr. Sanders again declined.

As time passed, Mr. Sanders realized his back pain was more serious and sought medical care on his own. He initially treated with his primary care physician and later with neurosurgeon Dr. James Maguire. His treatment included physical therapy and ultimately back surgery.[1]

Due to his continued back pain and surgery, Mr. Sanders requested medical leave in March 2016. Human Resource Manager Randy Duncan assisted Mr. Sanders with the leave process. During their discussion, Mr. Sanders mentioned that he previously reported a back injury. Mr. Duncan asked Mr. Sanders if he wanted to file for workers' compensation benefits instead of medical leave. Mr. Duncan further advised that, if Mr. Sanders elected to use workers' compensation benefits, then he could not treat with his personal physician but would have to see a workers' compensation physician. Mr. Sanders wanted to continue to treat with his personal physician and declined workers' compensation. Mr. Sanders' leave began March 22, 2016, and afterward he never returned to work.

While on leave, Mr. Sanders called Ms. Fleenor to inquire about filing a workers' compensation claim on May 26, 2016. He told Ms. Fleenor that his doctor ordered surgery and the price was high, so he wanted to switch over to workers' compensation. Ms. Fleenor instructed Mr. Sanders to come in to complete the workers' compensation paperwork. She also offered him a panel of physicians, but Mr. Sanders rejected the panel and advised he would continue to treat with his own physician.

Several days later, Mr. Sanders met with Ms. Fleenor on June 8, 2016, and informed her that his back surgery was expensive and asked to file for workers' compensation. She helped him complete the necessary paperwork. Mr. Sanders could not recall a specific date of injury but advised that the slip-and-fall occurred in January 2016. Ms. Fleenor completed a First Report of Work Injury and randomly chose January

---

[1] Mr. Sanders did not introduce the records of his treatment but sought to introduce his medical bills. Wal-Mart objected on grounds of hearsay, authenticity, and lack of evidence that the expenses were reasonable and necessary. The Court took the objection under advisement. The Court sustains the objection and did not consider the bills in making its findings of fact and conclusions of law.

2

15, 2016. Mr. Sanders also completed an Associate Incident Report, made a selection from a panel of physicians, and acknowledged he would be personally responsible for unauthorized treatment.

Mr. Sanders went to the panel physician and informed the doctor that he was under the care of another physician who ordered surgery. The panel physician did not evaluate or treat Mr. Sanders and never submitted a bill to the Claims Adjuster, Tracy House. Ms. House later denied Mr. Sanders' claim due to his inability to identify a specific date of injury.

On March 15, 2017, Mr. Sanders filed his PBD listing the date of injury as June 8, 2016. When the claim did not resolve through mediation, the Mediator issued a Dispute Certification Notice. Afterward, Mr. Sanders filed a Request for Expedited Hearing. His supporting Affidavit stated he was injured on June 8, 2015.

## Findings of Fact and Conclusions of Law

The following legal principles govern the Court's analysis. Mr. Sanders bears the burden of proving all essential elements of his claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an Expedited Hearing, however, his burden of proof requires him only to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Mr. Sanders of the burden of producing evidence of an injury by accident arising primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

The Court will address Wal-Mart's statute of limitations defense first because it is potentially determinative. The Workers' Compensation Law provides that when the employer has not paid workers' compensation benefits, the right to compensation "shall be forever barred, unless . . . a petition for benefit determination is filed with the bureau . . . within one year after the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1) (2016). Statutes of limitations exist to ensure fairness by prohibiting undue delay in bringing claims and to give defendants timely notice of potential lawsuits. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974).

Further, Wal-Mart has the burden of proof to establish facts, which it claims as a bar to Mr. Sander's workers' compensation claim, such as the expiration of the statute of limitations. Once Wal-Mart establishes its affirmative defense, the burden shifts to Mr. Sanders to demonstrate a recognized exception. *See Cloyd v. Hartco Flooring Co.*, 274

3

S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633) (internal quotations omitted).

Here, while the Court finds Mr. Sanders to be credible, it finds him to be a poor historian. Upon careful consideration of the evidence as a whole, the Court finds Mr. Sanders' Pageland slip-and-fall occurred on August 14, 2015. He timely reported the Pageland incident but declined treatment. As such, Wal-Mart did not pay any workers' compensation benefits to or on behalf of Mr. Sanders' August 14, 2015 claim. Thus, Mr. Sanders did not file his PBD until March 15, 2017, more than one year after the injury. The Court therefore concludes Wal-Mart established facts to support its statute of limitations defense. Because Wal-Mart established the affirmative defense, the burden now shifts to Mr. Sanders to provide a recognized exception that tolls the statute, which he did not. As a matter of law, the Court concludes Mr. Sanders failed to demonstrate he is likely to prevail at a hearing on the merits that he filed his claim within the statute of limitations.

The Court likewise concludes that Mr. Sanders failed to demonstrate that his injury arose primarily out of and in the course and scope of employment. An injury arises primarily out of and in the course and scope of employment if it is caused by a specific incident, or set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14). Further, this must be shown by a preponderance of the evidence that the employment contributed more than fifty percent in causing the injury, considering all causes. *Id.*

Although Mr. Sanders received treatment from his personal physician and Dr. Maguire, he did not introduce the office notes from Dr. Maguire's treatment or any opinion relating his injury and need for treatment to the employment. Without a medical opinion linking the injury and need for treatment to work, Mr. Sanders failed to demonstrate he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment. Therefore, as a matter of law, this Court holds that Mr. Sanders failed to satisfy his burden of proof and denies his request for benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sanders' claim against Wal-Mart Associates, Inc. and its workers' compensation carrier for the requested benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on **October 23, 2017**, at **1:30 p.m. Eastern Time**. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

4

**ENTERED this the 21st day of September, 2017.**

*Pamela B Johnson*

**PAMELA B. JOHNSON, JUDGE**
Court of Workers' Compensation Claims

## APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Brief and Response in Opposition to Employee's Request for Expedited Hearing
5. Table of Contents and Witness List in Support of Employer's Response in Opposition to Employee's Request for Expedited Hearing

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
1. Affidavit of Johnnie W. Sanders
2. Affidavit of Travis Dickenson, July 14, 2017
   a. Email correspondence, August 18, 2015
3. Affidavit of Travis Dickenson, July 18, 2017
4. Affidavit of Kim Fleenor, May 17, 2017
   a. Timeline of Injury and Treatment
      Statements by Ms. Fleenor, May 26, 2016-June 15, 2016
5. Affidavit of Kim Fleenor, July 17, 2017
6. Affidavit of Randy Duncan, May 17, 2017
7. Affidavit of Randy Duncan, July 17, 2017
8. Affidavit of Ken L. Motley, Sr., May 17, 2017
   a. Associate Incident Report
      Manger's Investigation of Accident
9. Affidavit of Ken L. Motley, Sr., July 14, 2017
   a. Fleet Safety Manual, Page 70
10. Affidavit of Ken L. Motley, Sr., July 17, 2017
11. Affidavit of Tracy House, July 19, 2017

a. CMI Decline Letter, June 8, 2016
b. CMI Financial Statement
12. Affidavit of Randy Duncan, May 17, 2017
    a. Workers' Compensation File
    b. Personnel File
    c. Medical File
13. Wage Statement, Form C-41
14. First Report of Work Injury, Form C-20
15. Notice of Controversy, Form C-27
16. (Marked for Identification Only)Medical Bills
17. Drivers Pay Manual, August 1998
18. (Marked for Identification Only) Drivers Reference and Pay Manuals
19. Liberty Mutual Medical Documents

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of September, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Johnnie Sanders, Self-Represented Employee | X | | X | Johnnie Sanders 1204 Park Hill Circle Knoxville, TN 37909 casanders@fullsail.edu |
| Celeste Watson, Employer's Attorney | | | X | celeste@cmwatsonlaw.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

6